THE ALABAMA & FLORIDA RAILROAD COMPANY, APPELLANT, vs. L. W. ROWLEY, APPELLEE.

1. It is an admitted rule of pleading that where the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, in that case the declaration ought to state that the defendant had notice of the same.

2. And where a special averment of notice is necessary, the averment must be proved.

3. In an action by a Railroad Company against one of its Stockholders to recover the amount of certain assessments or calls upon his shares of stock, notice of such assessments or calls must be averred in the declaration and proved at the trial.

4. A notice published in a newspaper, calling upon the Stockholders generally to pay up such calls, is not sufficient proof of notice, unless it be so provided by the charter or by-laws of the Company.

This case was heard at Marianna, and decided at Tallahassee.

A full statement of the case is contained in the opinion of the Court.

*Jordan & Blount* for appellant.

*George G. McWhorter* for appellee.

DuPONT, C. J., delivered the opinion of the Court.

This was an action of assumpsit instituted in the Circuit Court of Santa Rosa county, by the appellant against the appellee, to recover certain assessments or calls alleged to be due on the shares of the capital stock of the said company, held by the said appellee. Besides the common indebitatus count, the declaration contains a special count, setting forth that the defendant had subscribed for two shares of the capital stock of said company, at one hundred dollars per share, and that in consideration thereof, he had for the one share made and executed a promise or agreement in writing, by which he promised to pay one hundred dollars in such instalments as might be called for under the provisions of the charter of the said company; and for the other share, he made and executed another promise or agreement in writing, by which he promised to pay the further sum of one hundred dollars when called for on instalments, on condition that a contract is first made for the construction of the road to the Florida line. The declaration further alleges that a contract for the construction of the road had been made, and the several instalments sued for had been called in prior to the institution of the suit, with an averment that the defendant had due notice, both of the contract for the construction of the road and of the calls for the instalments.

There was a demurrer to the declaration which was sustained and the declaration ordered to be amended. The defendant filed five pleas, in substance as follows, and each concluding to the country, viz:

1st. The General issue of non-assumpsit.

2nd and 3rd. That no contract had been made for the construction of the road to the Florida line.

510 SUPREME COURT.

Alabama & Florida R. R. Co. vs. L. W. Rowley.—Opinion of Court.

4th. That the directors of the company had not, at any time prior to the institution of the suit, made any calls, or required the payment of any instalments upon the shares held in the capital stock of the company.

5th. That the directors of the company did not, prior to the institution of the suit, give him, the defendant, any notice of the alleged calls for instalments as is set forth in the declaration.

The record shows that after several continuances had been had, a non-suit was taken by the plaintiff, which, on the same day, was set aside and the following order entered, viz :

" In this case, the judgment of non-suit heretofore rendered in this suit is set aside, and the cause reinstated, a jury waived, and the case submitted to the Court upon an agreed statement of facts. Thereupon, all and singular, the premises being seen, and by the Court here fully understood, and mature deliberation being thereupon had, it is considered by the Court that the said plaintiff take nothing by his said declaration, and the said defendant do go thereof without day, &c. ; and it is further considered by the Court here, that the said defendant do recover against the said plaintiff his costs and charges by him laid out about his defence in this behalf, and that the said defendant have execution thereof, &c."

From this judgment the plaintiff took his appeal, and now brings it here for adjudication.

For a full understanding of the case, it is deemed necessary to set out the bill of exceptions *in haec verba*. It is as follows, viz :

" Be it remembered that upon the trial of this cause, the plaintiff introduced in evidence to the Court the following advertisement published in the Pensacola Gazette, a newspaper printed in the city of Pensacola, Florida, in reference

to the first call for instalments mentioned in said declaration, namely:

## RAILROAD NOTICE.

OFFICE OF THE ALABAMA AND FLA., R. R. COM'Y. }
Pensacola, April 8th, 1856. }

The stockholders of the Alabama and Florida Railroad Company of Florida are hereby notified that three instalments of five per cent. each upon the capital stock, are hereby required to be paid into the hands of the Treasurer; the first, on or before the 10th day of May; the second, on or before the 10th day of June; the third, on or before the 10th day of July, 1856.

O. M. AVERY, *President pro tem.*

Attest—HENRY F. INGRAHAM, *Secretary.*

☞ The undersigned will be at his office at all hours of the day, corner of Palafox and Intendentia streets.

(Signed,) B. D. WRIGHT,
Treasurer of Ala., & Fla., R. R. Co.

April 12th, 1856.

And subsequent advertisement in precisely the same form, published in the same newspaper, in reference to all the subsequent calls for instalments in said declaration mentioned, as said calls were respectively made. To which evidence the defendant objected, and no other evidence of notice of said calls for instalments was submitted. Thereupon the Court ruled that said advertisements were not *per se.* sufficient notice to said defendant of said calls. To which ruling of the Court the said plaintiff excepted and tendered to the Court this his bill of exception, with a request that the Court would sign and seal the same, which was accordingly done.

(Signed,) J. J. FINLEY, Judge, [L. s.]"

The assignment of errors in this Court is as follows, viz:
" That the Court below erred in ruling that the testimony

offered by the plaintiff in the Court below was not sufficient notice to the defendant of the call upon him to pay the instalments due upon his stock, viz : a notice published in a newspaper in the city of Pensacola, calling upon the stockholders of the said Alabama & Florida Railroad to come forward and pay the instalments due on their subscriptions of stock.

(Signed,)        JORDAN & BLOUNT,

for Appellants."

This statement embraces the full history of the proceedings in the Circuit Court, so far as the same can be gathered from the record before us. It will be perceived " that the agreed statement of facts " mentioned in the order submitting the cause to the decision of the Court, is not incorporated in the order, nor is there any other fact noted in the bill of exceptions except the newspaper advertisement notifying the stockholders to respond to certain assessments or calls, which had been made by the board of directors. In this state of the record, the only conclusion that can be arrived at is, that the case was submitted to the Court upon the isolated question of *notice*. With this view of the case, we will proceed to consider *first*, the necessity for notice, and secondly, the sufficiency of the notice alleged to have been given.

It is an admitted rule of pleading, " that when the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, then the declaration ought to state that the defendant had notice thereof." 1 Chitty on Pleading, 320.

It is equally true, that whenever it becomes necessary to make a special averment of notice in the declaration, that averment must be supported by competent proof. With this rule before us, the question occurs, was it necessary in this case that the defendant should have had notice of the

several calls for the payment of instalments of stock, which are alleged to have been made by the board of directors?

In our investigation of this point, the Court is thrown upon its own resources, no authorities having been cited by the counsel of either side. The only case directly on the point that we have had any reference to, is that of Ross vs. Lafayette and Ind. Railway, 6 Porter (Ind.) R. 297. The report of this case is not within our reach, but it is referred to in Redfield on Railways. · His reference is as follows: "But where the subscription contains a provision that payment shall be made at such times and places as should thereafter be directed by the directors, and shall be applied to the construction of the road, it was held that the subscription did not become payable until the directors, at a regular meeting, had fixed the time and place of payment. But it is further held in this case *that it is not necessary to give notice to the subscribers of the time and place of payment.*" Redfield on Railways, 82.

By what process of reasoning the Court were enabled to arrive at the position announced in that case, we are at a loss to determine, and it is to be regretted that we have not access to the report. For aught that we know, there may have been something in the charter of incorporation which warranted the position assumed. Be that as it may, we are satisfied that upon general principles, and in the absence of any provision in the charter warranting the position, it is incorrect, and in this we are sustained by the authority of Mr. Redfield. Commenting upon this case, and referring particularly to the point under consideration, he says; "This point in the decision seems not altogether in accordance with the usual practice in such cases, or the general course of decision in regard to calls, which, upon general principles, must be notified to subscribers before an action can be maintained."—*Ib.*

The "general principle" alluded to in the foregoing citation we take to be the one with which we set out in this argument, viz : " that when the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, then the declaration ought to state that the defendant had notice thereof." Now in whose knowledge will the *fact* of the making of calls or assessments upon the shares held in the capital stock be considered as more properly lying—in that of an individual private stockholder, or in that of the corporation, which acts and speaks by and through its authorized and acknowledged agent, the Board of Directors ? Indeed, if we are not greatly in error, a private stockholder of an incorporated company has no right to have access to the minutes of the proceedings of the directors, unless that right is expressly given by the charter, and consequently and of necessity he must remain ignorant of their action until they choose to make that action known. With reference to the matter of notice as affecting a private stockholder, there is a very marked and obvious difference between the action of a general meeting of the stockholders and that of a Board of Directors. All the proceedings of the former are *presumed to be known* to each individual stockholder, it being not only his right, but his duty to be present for the purpose of participating in such proceedings. But not so with reference to the proceedings had at a meeting of the Board of Directors. These proceedings are usually private, and the *presumption of notice* will not attach to a private stockholder sooner than it will to an entire stranger. It may be suggested that the act of subscribing for the two shares of stock created a debt against the defendant, and that he was bound to take notice of the time of payment, the same as the giving of a note payable on demand, which may be sued on without any special demand of payment, the institution of the suit being

held to constitute a sufficient demand. There is this difference between the two cases. The giving a promissory note payable on demand is held to create a *debt in presenti*, absolute and unconditional, which the maker of the note may pay off at any time before a demand is made; whereas the act of subscribing to the stock of the company does not create a present indebtedness, but the obligation to pay, by the very terms of the contract, is contingent, and made to depend upon a *condition precedent*, to-wit: the calls to be made by the directors. If this be so, the performance of the condition precedent being within the exclusive control of the company, it follows, upon the general principle before announced, that to raise the obligation to pay, there must be an actual demand, or what may be equivalent to the same, under the provisions of the charter. We conclude, therefore, that in this case no right of action accrued against the defendant for the recovery of the several calls mentioned in the declaration, until after he should have received proper notice that they had been made in the manner prescribed in the charter. This brings us to the consideration of the second point, viz: the *sufficiency* of the notice which was attempted to be proved at the trial.

It will be remembered that the only effort to prove notice to the defendant that the calls had been made by the directors, was the exhibition of the advertisement in the Pensacola Gazette, calling upon the stockholders generally to pay the instalments due on their shares of stock. It is quite usual, we believe, in charters of incorporation to provide for giving of notice by public advertisement, and where such mode is prescribed, either in the charter or by-laws of the company, we can perceive no objection to the validity and sufficiency of such notice. But in the absence of such provision we think it might be attended with irreparable injury to innocent parties to establish as legal so loose a mode

·of proceeding. We have examined the charter of this company and have been unable to discover any provision on the subject.

If the publication of the notice in the Pensacola Gazette should be held to be sufficient notice, there is no reason why it may not have been published in one of the papers printed at the capital of the State. That the office of the company was located in Pensacola is no answer, for it is quite apparent that as to this defendant he was not a citizen of Pensacola, but a resident in another county, to-wit: the county of Santa Rosa. Upon mature consideration, we are of opinion that the proof of notice was not sufficient to fix the liability of the defendant.

It is therefore ordered that the judgment of the Court below be affirmed with costs.